UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOURANDISH,<br>        Plaintiff,<br>   v.<br>PATRICK FITZGERALD, et al.,<br>        Defendants. | Case No. 13-cv-05984-VC<br><br>**ORDER GRANTING MOTION TO DISMISS, WITH PREJUDICE**<br><br>Re: Dkt. No. 38 |

Plaintiff Robert Dourandish has sued Patrick Fitzgerald, Director of the Defense Contract Audit Agency (DCAA), and Chuck Hagel, Secretary of the Department of Defense, alleging violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1981. Dourandish's allegations stem from a contract dispute between his company, Quimba, and the United States Air Force. Dourandish alleges that, in 2004 and 2007, a DCAA Auditor, Amanat Sulehria, discriminated against Dourandish on the basis of his ethnicity, and this discrimination resulted in Sulehria making a financial determination that harmed Dourandish's company. The Court previously dismissed with prejudice all claims against the government related to the substance of the contract dispute, as those claims fall within the exclusive jurisdiction of the Court of Federal Claims. The Court gave Dourandish leave to amend his civil rights claims, which he has brought in a First Amended Complaint. The government has filed a motion to dismiss these claims, which is granted, with prejudice.

Regardless of whether Dourandish intended to sue Fitzgerald and Hagel in their individual or official capacities, the claims against them are dismissed, as their lack of personal participation

in the allegedly unconstitutional behavior would absolve them of liability in an individual capacity suit,[1] and sovereign immunity prevents an official capacity suit. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). In his opposition brief, Dourandish acknowledged that he made a mistake in suing Fitzgerald and Hagel, and asked the Court to construe his First Amended Complaint as against Sulehria instead. The Court will do so, but even if Dourandish had sued Sulehria, and even if he had sued him under *Bivens* rather than under 42 U.S.C. § 1983, the claims against Sulehria would still be deficient. Despite having been given an opportunity to do so, Dourandish still has not pled sufficient facts to establish a plausible allegation that Sulehria discriminated against him on the basis of his ethnicity. Dourandish alleges that Sulehria "made numerous disparaging remarks about the Plaitniff's [sic] country of origin which is Iran," but the only specific comment Dourandish points to is Sulehria's statement that in either his or Dourandish's country of origin they would not be able to interact in a professional capacity. FAC ¶72. This is hardly suggestive of ethnicity discrimination. Indeed, when considered in light of the allegations in the original complaint, it has become clear that Dourandish is insisting on assigning discriminatory motive to statements by Sulehria that are indisputably innocuous. For example, Dourandish alleged in Paragraph 167 of the original complaint that Sulehria "at length recounted his arrival in the US and how his accounting credentials from his home country [which was on the Indian subcontinent] were not honored," as if this somehow demonstrated that Sulehria was motivated by animus towards people of Iranian origin.

Moreover, even if Dourandish had adequately alleged ethnicity or national origin discrimination, he has failed (despite having had the chance to do so) to include any allegations that would explain why his claim, which relates to Suhleria's behavior in 2004 and 2007, is not

---

[1] This is true even if Dourandish, instead of bringing a 42. U.S.C. § 1983 action, had brought a *Bivens* action, which would have been the proper way to sue a federal rather than state official.

2

barred by the applicable two-year statute of limitations. *See, e.g.*, *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004)*; Western Center for Journalism v. Cederquist,* 235 F.3d 1153, 1156 (9th Cir. 2000).

Accordingly, the lawsuit is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
VINCE CHHABRIA
United States District Judge